# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

STANLEY MCFARLIN, )
)
    Plaintiff, )
)
v. ) Case No. CV411-108
)
JUDGE JOHN E. MORSE, LYNDA )
CALDWELL, and MARTIN G. )
HILLIARD, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Stanley McFarlin filed this 42 U.S.C. § 1983 civil rights action alleging that defendants denied him the right to testify in his own defense in a December 2004 hearing.[1] (Doc. 1 at 5.) The Court granted McFarlin leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to

---

[1] Notably, McFarlin lied on his complaint form. He checked a box noting that he had not filed any other federal lawsuits (doc. 1 at 2), yet he has filed at least five cases in this District. *See McFarlin v. Battle*, No. CV399-055 (S.D. Ga. Oct. 20, 1999) (voluntarily dismissed); *McFarlin v. Battle*, No. CV39-059 (S.D. Ga. Sept. 29, 2000) (defendants' summary judgment motion granted); *McFarlin v. Forman*, No. CV403-219 (S.D. Ga. Jan. 29, 2004) (dismissed for failure to state a claim for relief); *McFarlin v. Lamb*, No. CV403-217 (S.D. Ga. Feb. 11, 2004) (dismissed as mistakenly filed); *McFarlin v. St. Lawrence*, No. CV403-242 (S.D. Ga. June 28, 2004) (dismissed for failure to state a claim for relief).

Collection of Fees from Trust Account form. (Doc. 5.) He has returned the two forms, so the case is ready to proceed. (Docs. 6 & 7.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

McFarlin's claim is utterly deficient. Filed years outside of the statute of limitations applicable to § 1983 suits, it fails to state a claim for relief. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the

complaint is subject to dismissal for failure to state a claim"). He filed suit on May 2, 2011 for an alleged civil rights violation that occurred in 2004, more than five years earlier. Hence, it was filed outside of the two-year limitations period applicable to § 1983 actions brought in Georgia. *E.g., Mullinax v. McElhenney*, 817 F.2d 711, 71516 n.2 (11th Cir. 1987); *Walker v. United States*, 196 F. App'x 774, 776 (11th Cir. 2006) (same); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").

Too, his claims for damages fail as a matter of law. The judge and prosecutor are immune from any suit for damages. The judge is protected by absolute judicial immunity. *See McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Mireles v. Waco*, 112 S. Ct. 286, 288 (1991). A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts

3

without subject-matter jurisdiction."). The prosecutor also enjoys immunity, as she was clearly performing her function as an advocate for the state at the hearing. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

Nor can McFarlin sue his defense attorney, Martin Hilliard, for damages. Criminal defense attorneys, even when funded by the government, are not state actors or acting under color of state law, and thus they may not be subjected to liability under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a

criminal proceeding does not act on behalf of the state but is instead "the State's adversary" and hence cannot be subjected to liability under § 1983. *Dodson*, 454 U.S. at 318-19 n. 7, 323 n. 13; *Eling v. Jones*, 797 F.2d 697 (8th Cir. 1986); *Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980); *Page v. Sharpe*, 487 F.2d 567, 570 (1st Cir. 1973).

Finally, to the extent McFarlin seeks to have his "sentence . . . set aside" and to have his "rights . . . reinstated in full as a citizen of the U.S.A.", he must seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254; he cannot make such a claim in a § 1983 suit. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement).

Accordingly, McFarlin's complaint should be **DISMISSED**.

Meanwhile, it is time for plaintiff to pay for filing this suit. The prison's trust officer failed to average McFarlin's monthly deposits and account balance. (Doc. 6.) Accordingly, the Court cannot assess the initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1), but will instead assume that none is due. The Clerk, however, is **DIRECTED** to forward a copy of the prisoner trust fund account statement (doc. 6) and this Report and Recommendation to the prison's warden as an example of how not to complete the form.

Nevertheless, **IT IS FURTHER ORDERED** that plaintiff's custodian (or his designee) shall set aside 20 percent of all deposits to plaintiff's trust fund account and forward those funds to the Clerk each time the set aside amount exceeds $10.00, until the balance of the $350.00 filing fee has been paid in full. **IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. CV411-108. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the

plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 22nd day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA